IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY D. SMITH MIMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1799-M-BN |
| | § | |
| JP MORGAN WA MU, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mary D. Smith Mims filed a *pro se* complaint appearing to relitigate the subject matter of a case that she filed with counsel in state court concerning her home. *See* Dkt. No. 3. Chief Judge Barbara M. G. Lynn referred Mims's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Mims's motion for leave to proceed *in forma pauperis*, *see* Dkt. Nos. 4, 7, thus subjecting her claims to judicial screening under 28 U.S.C. § 1915(e)(2)(B). To facilitate this screening, after Mims filed an amended complaint as a matter of course, *see* Dkt. No. 6, the Court entered a Notice of Deficiency and Order Requiring Second Amended Complaint [Dkt. No. 7]. And Mims responded by filing a second amended complaint. *See* Dkt. No. 9.

Considering the second amended complaint, the undersigned recommended that the Court dismiss Mims's lawsuit with prejudice for failure to state a claim. *See* Dkt. No. 10. Mims objected. *See* Dkt. No. 11. And the Court overruled her objections

and entered judgment on September 28, 2021. *See* Dkt. Nos. 12, 13.

On April 22, 2022, Mims filed a motion requesting that her case be "release[d] … from Section 242 of Title 18." Dkt. No. 14 (the substance of which in full is: "The United States Magistrate Judge. To whom this may concern please release my case from Section 242 of Title 18 Constitution of law of the United States. May rights are violated. So help me God." (cleaned up)).

Since Mims filed this post-dismissal motion more than 28 days after the Court entered judgment, it should be considered under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).

As Rule 60(b)'s purpose "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts," *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981)), "[t]he extraordinary relief [it] afford[s] … requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985)); *see also Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) ("[R]elief under Rule 60(b) is considered an extraordinary remedy," such "that the desire for a judicial process that is predictable mandates caution in reopening judgments" (cleaned up)).

And "it goes without saying that a Rule 60 motion is not a substitute for an

appeal from the underlying judgment." *Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404, 1408 (5th Cir. 1994).

Because 18 U.S.C. § 242 is a criminal statute that has no relationship to the disposition of Mims's claims, Mims has not made the showing required for relief under Rule 60(b). And the Court should not revisit its judgment in this civil action.

## Recommendation

The Court should deny Plaintiff Mary D. Smith Mims's construed motion for relief under Federal Rule of Civil Procedure 60(b) [Dkt. No. 14] and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 27, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE